UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 06 0533 SI |
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER (Proposed) |
| THOMAS F. KELLY, | ) | |
| Defendant. | ) | |

With the agreement of the parties in open court on November 17, 2006, the Court enters this order excluding time under the Speedy Trial Act from November 10, 2006, to March 16, 2007. The parties agree, and the Court finds and holds, as follows:

1. Kelly has been charged in the indictment with 13 counts of mail fraud in violation of 18 U.S.C. § 1341 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. He is free on a personal recognizance bond.

2. Substantial discovery has been bates stamped, scanned electronically, and produced to the defendant. The parties agree that the case is complex. Also, defense counsel needs time to review the evidence and evaluate potential motions and the possible resolutions to the case, which might involve a Rule 20 transfer to the Central District of California. In addition, Kelly, who is seventy-five years old, is having some medical difficulties which previously resulted in his being hospitalized. He continues to have significant health issues, some of which may affect

STIPULATION AND ORDER (CR 06 533 SI)

1  his ability to participate in his defense.  Finally, defense counsel has other case commitments,
2  including previously-scheduled trials.  According to defense counsel, continuing the case until
3  March 16, 2007, is the time needed to review the evidence, evaluate the case, and explore
4  Kelly's medical issues, consistent with his other case obligations.

5    3. Thus, the parties agree, and the Court finds and holds, that failure to grant a continuance
6  would unreasonably deny the defendant continuity of counsel.  See 18 U.S.C. §
7  3161(h)(8)(B)(iv).  The parties also agree, and the Court finds and holds, that failing to grant a
8  continuance would deny counsel for the defense the reasonable time necessary for effective
9  preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §
10  3161(h)(8)(B)(iv).  The parties agree, and the Court finds and holds, that "the case is so unusual
11  or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of
12  fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for
13  the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. §
14  3161(h)(8)(B)(ii).  Finally, the parties agree, and the Court finds, that the ends of justice served
15  by excluding the period from November 10, 2006, to March 16, 2007, outweigh the best interest
16  of the public and the defendant in a speedy trial, especially considering Kelly's medical
17  condition.  Id. § 3161(h)(A).

18    4. Accordingly, the Court sets a new hearing date on March 16, 2007 and orders that the
19  period from November 10, 2006, to March 16, 2007, be excluded from Speedy Trial Act
20  calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

21  STIPULATED:

22  DATED:  11/21/06    /s
          STEPHEN G. FRYE
23          Attorney for THOMAS F. KELLY

24
    DATED:  11/21/06    /s
25          LAUREL BEELER
            Assistant United States Attorney
26  IT IS SO ORDERED.

27  DATED:_____    /s/ Susan Illston
            SUSAN ILLSTON
28          United States District Judge

STIPULATION AND ORDER (CR 06 533 SI)          2