UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 06 0533 SI |
|     Plaintiff, | ) | |
| v. | ) | <u>STIPULATION AND ORDER</u> (Proposed) |
| THOMAS F. KELLY, | ) | |
|     Defendant. | ) | |

The case currently is set for March 16, 2007, at 11 a.m. The parties ask the Court to (a) vacate the March 16, 2007, hearing date, (b) reset the hearing date for April 13, 2007, at 11 a.m., and (c) exclude time under the Speedy Trial Act from March 16, 2007, to April 13, 2007.

1. Kelly has been charged in the indictment with 13 counts of mail fraud in violation of 18 U.S.C. § 1341 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. He is free on a personal recognizance bond. The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated investment fraud scheme with voluminous evidence, both paper and electronic.

2. The defense has reviewed the evidence, and the parties are working on a resolution of the case. Remaining issues to be examined include possible forfeiture, some issues surrounding restitution, and information relevant to disposition that the defense needs to gather, organize, and present to the United States. In addition, Kelly, who is seventy-five years old, has substantial

1  medical issues that previously resulted in his being hospitalized, and which pose ongoing

2  problems for him and his ability to participate in his defense.  Finally, defense counsel has other

3  case commitments.  According to defense counsel, given his other case commitments, continuing

4  the case until April 13, 2007, is the time needed to review the outstanding issues and gather and

5  present evidence to the United States that is relevant to the case.   Also, counsel for the United

6  States is out of the office and unavailable on March 16, 2007.

7     3.  Thus, the parties agree that failure to grant a continuance would unreasonably deny the

8  defendant continuity of counsel.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree that

9  failing to grant a continuance would deny counsel for the defense the reasonable time necessary

10 for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §

11 3161(h)(8)(B)(iv).  The parties agree  that "the case is so unusual or so complex, due to . . . the

12 nature of the prosecution, or the existence of novel questions of fact or law, that it is

13 unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

14 the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  Finally,

15 the parties agree that the ends of justice served by excluding the period from March 16, 2007, to

16 April 13, 2007, outweigh the best interest of the public and the defendant in a speedy trial,

17 especially considering Kelly's medical condition.  Id. § 3161(h)(A).

18    4.  Accordingly, the parties ask the Court to vacate the March 16, 2007, hearing date, reset

19 the case for April 13, 2007, at 11 a.m., and exclude time under the Speedy Trial Act from March

20 16, 2007, to April 13, 2007.  See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

21 STIPULATED:

22 DATED:    03/08/07                         /s
                                STEPHEN G. FRYE
23                              Attorney for THOMAS F. KELLY

24
   DATED:    03/08/07                         /s
25                              LAUREL BEELER
                                Assistant United States Attorney
26

27                              ORDER

28    For the reasons set forth in the parties' stipulation, the Court vacates the March 16, 2007,

1   hearing date, resets the case for April 13, 2007, at 11 a.m., and excludes time under the Speedy

2   Trial Act from March 16, 2007, to April 13, 2007.  See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

3   The Court finds that failure to grant a continuance would unreasonably deny the defendant

4   continuity of counsel.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The Court also finds that agree that

5   failing to grant a continuance would deny counsel for the defense the reasonable time necessary

6   for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §

7   3161(h)(8)(B)(iv).  The Court further finds that "the case is so unusual or so complex, due to . . .

8   the nature of the prosecution, or the existence of novel questions of fact or law, that it is

9   unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

10  the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  Finally,

11  the Court finds and holds that the ends of justice served by excluding the period from March 16,

12  2007, to April 13, 2007, outweigh the best interest of the public and the defendant in a speedy

13  trial, especially considering Kelly's medical condition.  Id. § 3161(h)(A).

14      IT IS SO ORDERED.

15  DATED:_____

16                                  SUSAN ILLSTON
                                    United States District Judge