UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 06 0533 SI |
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER (Proposed) |
| THOMAS F. KELLY, | ) | |
| Defendant. | ) | |

    The case currently is set for April 13, 2007, at 11 a.m. The parties ask the Court to (a) vacate the April 13, 2007, hearing date, (b) reset the hearing date for May 18, 2007, at 11 a.m., and (c) exclude time under the Speedy Trial Act from April 13, 2007, to May 18, 2007.

    1. Kelly has been charged in the indictment with 13 counts of mail fraud in violation of 18 U.S.C. § 1341 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. He is free on a personal recognizance bond. The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated investment fraud scheme with voluminous evidence, both paper and electronic.

    2. The defense has reviewed the evidence, and the parties are working on a resolution of the case. Remaining issues to be examined include possible forfeiture, some issues surrounding restitution, and information relevant to disposition that the defense needs to gather, organize, and present to the United States. In addition, Kelly, who is seventy-five years old, has substantial

1  medical issues that previously resulted in his being hospitalized, and which pose ongoing
2  problems for him and his ability to participate in his defense.  Finally, defense counsel has other
3  case commitments, including a trial that is about to start.  Continuing the case until May 18,
4  2007, will allow the parties time to address these issues.  Also, counsel for the United States is
5  unavailable on April 13, 2007.

6      3. Thus, the parties agree that failure to grant a continuance would unreasonably deny the
7  defendant continuity of counsel.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree that
8  failing to grant a continuance would deny counsel for the defense the reasonable time necessary
9  for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §
10 3161(h)(8)(B)(iv).  The parties agree that "the case is so unusual or so complex, due to . . . the
11 nature of the prosecution, or the existence of novel questions of fact or law, that it is
12 unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within
13 the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  Finally,
14 the parties agree that the ends of justice served by excluding the period from April 13, 2007, to
15 May 18, 2007, outweigh the best interest of the public and the defendant in a speedy trial,
16 especially considering Kelly's medical condition.  Id. § 3161(h)(A).

17     4. Accordingly, the parties ask the Court to vacate the April 13, 2007, hearing date, reset the
18 case for May 18, 2007, at 11 a.m., and exclude time under the Speedy Trial Act from April 13,
19 2007, to May 18, 2007.  See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).
20 STIPULATED:

21 DATED:  April 11, 2007                      /s
                                      STEPHEN G. FRYE
22                                    Attorney for THOMAS F. KELLY

23
   DATED:  April 11, 2007                      /s
24                                    LAUREL BEELER
                                      Assistant United States Attorney
25

26                                   ORDER

27    For the reasons set forth in the parties' stipulation, the Court vacates the April 13, 2007,
28 hearing date, resets the case for May 18, 2007, at 11 a.m., and excludes time under the Speedy

STIPULATION AND ORDER (CR 06 533 SI)       2

1  Trial Act from April 13, 2007, to May 18, 2007.  See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).
2  The Court finds that failure to grant a continuance would unreasonably deny the defendant
3  continuity of counsel.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The Court also finds that agree that
4  failing to grant a continuance would deny counsel for the defense the reasonable time necessary
5  for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §
6  3161(h)(8)(B)(iv).  The Court further finds that "the case is so unusual or so complex, due to . . .
7  the nature of the prosecution, or the existence of novel questions of fact or law, that it is
8  unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within
9  the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  Finally,
10 the Court finds and holds that the ends of justice served by excluding the period from April 13,
11 2007, to May 18, 2007, outweigh the best interest of the public and the defendant in a speedy
12 trial, especially considering Kelly's medical condition.  Id. § 3161(h)(A).
13     IT IS SO ORDERED.
14 DATED:_____                    _____
15                                            SUSAN ILLSTON
                                              United States District Judge

STIPULATION AND ORDER (CR 06 533 SI)          3